# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL ROSA-DIAZ, ) | Civil Action No. 3: 14-cv-0005 |
| ) | |
| Plaintiff, ) | |
| ) | United States District Judge |
| v. ) | Kim R. Gibson |
| ) | |
| SGT. DOW, et al., ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

On January 9, 2014, Plaintiff, Gabriel Rosa-Diaz ("Rosa-Diez") initiated this Section 1983 prisoner civil rights action in which he raised multiple Eighth Amendment and Due Process claims in connection with the misconducts he received and the assessment process. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court.

On February 23, 2015, the Magistrate Judge filed a Report and Recommendation (ECF No. 35) recommending that the Partial Motion to Dismiss filed by Defendants (ECF No. 31) be granted. Plaintiff filed timely Objections to the Report and Recommendation on March 9, 2015 (ECF No. 36).

In his first objection, Plaintiff objects to the recommendation that defendants Reed, Cameron, Beck, Lewis, Wetzel, Varner, and Bearjar be dismissed for lack of personal involvement. In his objections, Plaintiff raises a new claim of "1983 civil conspiracy" against these defendants. Plaintiff states that he "faults [these defendants] not for being personally involved, but for a 1983 'civil conspiracy' were (sic) they all with actual knowledge acquiescent in the falsification of all reports / appeals for their best interest defendant Sgt. Dow and the

1

DOC." Obj. at 2. Plaintiff's conspiracy allegations were not included in his complaint, and he cannot effect an amendment to the complaint by including this claim for the first time in his objections to the Report and Recommendation.

In the alternative, to the extent that a conspiracy claim could be inferred in the Complaint, Plaintiff's objection is without merit. Plaintiff's perceived conspiracies all revolve around Plaintiff's claim that Defendants Dow and Sheridan issued false misconduct reports. As discussed in the Report and Recommendation, however, a claim that a misconduct report was false, standing alone, does not violate a prisoner's constitutional rights, so long as procedural due process protections were provided. *Richardson v. Sherrer*, 344 F. App'x 755, 757–58 (3d Cir. 2007); *Booth v. Pence*, 141 F. App'x 66 (3d Cir. 2005); *Smith v. Mensinger*, 293 F.3d at 653–54. Thus, even if Defendants had agreed to and/or acquiesced in the filing of false misconduct reports against Plaintiff, they did not conspire to deprive Plaintiff of a constitutional right. Thus, Plaintiff's objection is overruled.

Next, Plaintiff objects to the recommendation that Defendant Sheridan be dismissed because Plaintiff's claims against him are procedurally defaulted. Plaintiff argues that the PLRA is not applicable because his "civil action 'is not about prison conditions.'" The United States Court of Appeals for the Third Circuit has held that a prisoner's claim alleging a failure to protect from attack by a fellow inmate is a challenge to prison conditions for purposes of the PLRA. *Booth v Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Plaintiff's objection is, therefore, overruled.

Plaintiff's final two objections can be overruled rather summarily. Plaintiff argues that Defendants Reed, Cameron, Beck, Lewis, Wetzel, Varner, and Bearjar should not be dismissed for lack of personal involvement. As the Report and Recommendation explains, the Complaint

contains no averments as to the personal involvement of these supervisory defendants. Therefore, this objection is overruled.

Plaintiff's final objection is that his claims of negligence and intentional infliction of emotional distress are not barred by sovereign immunity. Plaintiff is mistaken. As Defendants were employees of the state acting within the scope of their duties and no statutory exception applies, the Pennsylvania Sovereign Immunity doctrine bars these claims.

For all these reasons, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

AND NOW, this 10th day of March, 2015;

1. Defendants' partial motion to dismiss is **GRANTED**. The only claim remaining in this case is Plaintiff's Eighth Amendment failure to protect claim against Sgt. Dow.

2. **IT IS FURTHER ORDERED** that Defendants Sheridan, Reed, Cameron, Beck, Lewis, Wetzel, Varner, and Bearjar are dismissed with prejudice.

3. **IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 35) dated February 23, 2015, as supplemented, is **ADOPTED** as the Opinion of the Court.

4. **IT IS FURTHER ORDERED** Defendant Dow shall file his responsive pleading in accordance with Federal Rule of Civil Procedure 12(a)(4).

5. **IT IS FURTHER ORDERED** that this matter is remanded back to the magistrate judge for all further pretrial proceedings.

BY THE COURT:

Kim R. Gibson
United States District Judge

cc: GABRIEL ROSA-DIAZ
FH-7313
SCI Forest
PO Box 945
Marienville, PA 16239

Mary Lynch Friedline
Office of the Attorney General
(via ECF electronic notification)