**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GABRIEL ROSA-DIAZ, | ) | |
| | ) | Civil Action No. 3: 14-cv-0005 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Kim R. Gibson |
| | ) | |
| SGT. DOW, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons set forth below, it is respectfully recommended that the Motion for

Summary Judgment (ECF No. 106) filed by Defendant Sgt. William Dow be denied.

### II.    REPORT

#### A.  Relevant Procedural History

Plaintiff, Gabriel Rosa-Diaz ("Plaintiff" or "Rosa-Diaz") is a state prisoner committed to

the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at

the State Correctional Institution in Marienville, Pennsylvania ("SCI-Forest").  The events

giving rise to this lawsuit arise out of a fight with weapons that Rosa-Diaz had with fellow

inmate Peter Robinson ("Robinson") while confined at SCI-Cresson.  As a result of the incident,

Rosa-Diaz was issued two misconducts and was assessed over $30,000 for Robinson's medical

expenses.

On January 9, 2014, Rosa-Diaz initiated this Section 1983 prisoner civil rights action in

which he raised multiple Eighth Amendment and Due Process claims, as well as state law

claims, against seven (7) defendants.  As a result of the Court's ruling on Defendants' Partial

Motion to Dismiss, one claim remains in this case. Specifically, whether Defendant Sgt. William Dow ("Dow") violated the Eighth Amendment by failing to protect Rosa-Diaz from an attack by fellow inmate Peter Robinson.

Discovery is complete and Dow has filed the instant Motion for Summary Judgment, with brief in support. (ECF Nos. 106 and 108.) Rosa-Diaz has filed a Response and Brief in Opposition to Defendants' Motion for Summary Judgment. (ECF No. 115 and 116.) The issues have been fully briefed and the factual record has also been thoroughly developed. (ECF Nos. 107, 116, and 117.) The motion is ripe for disposition.

B.      Relevant Factual History

The Court has viewed the summary judgment record in the light most favorable to Rosa-Diaz, the non-movant. In the evening hours of April 8, 2012, Inmate Robinson (who was housed in a different wing than Rosa-Diaz) was allowed to enter E Unit, B wing and confronted Rosa-Diaz. The men exchanged words because, according to Rosa-Diaz, Robinson was trying to extort money from him and threatened to stab him. Rosa-Diaz claims that he reported this to Sgt. Dow that evening and told Sgt. Dow that he did not feel comfortable with Robinson continuing to be allowed to enter the B Wing.

The next evening, at approximately 7:40 pm, Robinson entered the B Wing, and again approached Rosa-Diaz, who was sitting at a table playing dominos. Robinson started to attack Rosa-Diaz, Rosa-Diaz tried to back away, but then began to defend himself. He punched Robinson and then grabbed a shank that Robinson had dropped and stabbed Robinson. At some point during the fight, Sgt. Dow grabbed Rosa-Diaz, at which time Rosa-Diaz yelled, "Get the fuck off me, you set me up." Rosa-Diaz contends that he then pulled away from Sgt. Dow and stood his ground as Sgt. Dow and other officers surrounded him. Rosa-Diaz eventually dropped

his shank. Rosa-Diaz was bleeding and was taken to medical for multiple superficial lacerations over his sides and back of head. Inmate Robinson was taken by ambulance to Altoona Hospital, where he had emergency surgery for puncture wounds and a collapsed lung and then placed in ICU.

Defendant Dow filed the instant motion for summary judgment in which his argues that the summary judgment record directly contradicts Rosa-Diaz's theory and version of events. Dow contends that Rosa-Diaz could not have spoken to him on April 8, 2012, as Dow was not working that day. After discovery reflected that Dow was not working on April 8, 2012, Rosa-Diaz amended his complaint to claim that he spoke with Dow on April 5, 2012, the last day that Dow was at work prior to the April 9, 2012 attack. Dow contends that this amendment directly contradicts Rosa-Diaz's sworn deposition testimony given just six weeks earlier, and that the Court should find that no reasonable jury could accord the revised allegations evidentiary weight. Additionally, Dow argues that, even accepting Rosa-Diaz's description of events, the alleged conversation with Dow was not sufficient to put Dow on notice of a substantial risk of serious harm.

B. Standard of Review for Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Live Ins. Co.,* 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e. depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex,* 477 U.S. at 322. *See also Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d cir. 2010) (quoting *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005)).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The Court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Batsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). *See also El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007).

D.      Discussion and Analysis

To survive Dow's motion for summary judgment, Rosa-Diaz needs to point to evidence in the record that Dow both knew of and was deliberately indifferent to an excessive risk to his safety. *See Beers-Capital v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001) (citing *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994)). When making a determination as to deliberate indifference, the court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." *Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997) (internal citation and quotation marks omitted). Deliberate indifference is "a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Even if Dow "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," liability will not attach. *Id*. at 844.

At the heart of this case is whether Dow subjectively new of and chose to disregard a substantial risk of serious harm to Rosa-Diaz's health or safety. To determine that issue, it first must be determined whether Rosa-Diaz ever talked to Dow about inmate Robinson and whether Dow was put on notice of a substantial risk of serious harm. The factual assertions of the parties differ vastly on this issue. Thus, it is against the backdrop of this stark, and very fundamental, factual dispute that the Court is called upon to consider whether Defendant is entitled to judgment as a matter of law.

In support of his position, Dow relies, *inter alia*, on the following. First, Rosa-Diaz testified in his deposition that Robinson had been "chasing" him since late February 2012 for some packs of cigarettes or tobacco that Robinson felt Rosa-Diaz owed him. (ECF No. 111, Exh. E at 12-13.) Robinson testified that April 8th was the first time that Robinson had threatened to harm him. Rosa-Diaz further testified that after Robinson left the wing that night, he told Dow that Robinson was extorting him and told Dow that he did not "feel comfortable with Robinson" coming into his wing. Rosa-Diaz testified that April 8th was the first time he had talked to Dow about Robinson. He also testified that he was not satisfied with speaking with Dow that night because Dow took it as a joke. According to Rosa-Diaz's deposition testimony,

the next morning, April 9th, Rosa-Diaz spoke to an officer and said he needed to speak to the unit manager about an "emergency," i.e., about "this guy keep coming over to my wing, chasing me for this money." (*Id.* at 42-43.) Rosa-Diaz said he needed to talk to the unit manager right away "because Peter Robinson just said he was going to stab me the night before." (*Id*. at 45).

Next, Rosa-Diaz filed a grievance and various misconduct appeals complaining about Dow's lax security in allowing Robinson to enter B wing without being search. In those filings, Rosa-Diaz never mentioned having a prior conversation where he made Sgt. Dow aware of Robinson's threat. The only time Rosa-Diaz used the word "forewarned" was in his May 8, 2012, appeal to final review. In that appeal, Rosa-Diaz states for the first time: "Because Sergeant Dow was forwarned (sic) by myself that I had a problem with inmate Robinson #EL 0621, and Sergeant Dow did not follow proper security procedures to protect me . . . ." (ECF No. 107-9, at p. 7.)

Further, Dow argues that after Rosa-Diaz received discovery responses, Rosa-Diaz changed the date he allegedly informed Dow about Robinson's threats from April 8, 2012, to April 5, 2012 – the last date according to Dow's answers to interrogatories that he worked prior to the attack on April 9, 2012.

In rebuttal, Rosa-Diaz states that during the fight with Robison he incurred "hard blows to the head which may have caused plaintiff to have a memory lapse. However after much concentration of the events that took place, plaintiff now knows for sure that he spoked (sic) to Sgt. Dow on 4/5/2012 which is the same day that S.C.I. Cresson was reopened back up after a lock down that comensed (sic) on 4-2-2012 or 4-3-2012 when the officers were conducting a general search for contraband to the whole prison general population." Pl's Br., ECF No. 116. Rosa-Diaz has provided the Declaration of inmate Alberto Arrollo, which states that the

conversation between Rosa-Diaz and Dow and occurred "a couple of days" prior to the fight:

> I declare that on early to mid April this year (2012) I helped Rosa-Diaz (whom speak broken English) – communicate to Sgt. Dow that Inmate Robison (sic) . . . was extorting him for money that he did not owed to Robison and Robison had threatened to stab Rosa-Diaz if Rosa-Diaz did not paid. I declare that Sgt Dow asked me if I heard the threat and that after I told Sgt. Dow that I heard the threat but did not wanted to be label as a snitch that Sgt. Dow started laughing and told Rosa-Diaz that that he had a pretty violent history inside the DOC and had Rosa-Diaz taking over Robison. I declare that Rosa-Diaz told Sgt. Dow that he did not wanted a confrontation with Robinson . . . and requested that Robinson do not be allowed to enter the E-B Wing when Rosa-Diaz was out on block out. I declare that Sgt. Dow stated to Rosa-Diaz no to worry that he would take care of Robinson and exited the E-B Wing where he was speaking with us . . . I declare that a <u>couple of days</u> later while we were in block out playing dominos, Sgt Dow allowed Robinson inside of the E-B Wing to stab Rosa-Diaz.

Declaration of Albert Arrollo, Exhibit A (ECF No. 116-1).

Judged against the legal tenets applicable to summary judgment motions, the Court recommends that Defendant's motion for summary judgment be denied. The contrasting positions of the parties on material issues are irreconcilable, and are sharply at odds with one another. In short, the fundamental question of whether Dow even knew of any threat to Rosa-Diaz is a hotly disputed factual matter, requiring credibility determinations. Undeniably, Rosa-Diaz has presented inconsistent versions of his story, but Dow will be free to cross examine Rosa-Diaz about these inconsistencies at trial. Therefore, it is recommended that Defendant's motion for summary judgment be denied.

## III. CONCLUSION

For all of the foregoing reasons, it is recommended that the Motion for Summary Judgment filed by Defendant Dow be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report and

Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: January  19, 2016

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:      GABRIEL ROSA-DIAZ
            FH-7313
            SCI Forest
            PO Box 945
            Marienville, PA 16239
            (via U.S. First Class Mail)

            Mary Lynch Friedline
            Office of Attorney General
            (via ECF electronic notification)