# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL ROSA-DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-5 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| SGT. DOW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**I.   Introduction**

Pending before the Court is Defendant's Motion *in Limine* to Preclude Punitive Damages (ECF No. 142), Motion *in Limine* to Preclude Hearsay, Speculation and Irrelevant Evidence (ECF No. 144), Motion *in Limine* to Preclude Policies, Codes and Procedures (ECF No. 146), and Motion *in Limine* to Preclude Evidence of Medical Conditions (ECF No. 148). For the reasons that follow, Defendant's Motion regarding punitive damages is **DENIED**, Defendant's Motion regarding hearsay, speculation and irrelevant evidence is **GRANTED in part** and **DENIED in part**, Defendant's Motion regarding policies, codes, and procedures is **DENIED**, and Defendant's Motion regarding medical conditions is **DENIED**.

**II.   Background**

Plaintiff, Gabriel Rosa-Diaz, is a state prisoner committed to the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at the State Correctional Institution in Marienville, Pennsylvania ("SCI-Forest"). The events giving

rise to this lawsuit stem from a fight involving weapons that Rosa-Diaz had with fellow inmate, Peter Robinson ("Robinson"), while confined at SCI-Cresson. As a result of the incident, Rosa-Diaz was issued two misconducts and was assessed over $30,000 for Robinson's medical expenses. Plaintiff alleges that Robinson was attempting to extort money from him and threatened to stab him. Plaintiff claims that he reported this to Sgt. Dow and told Sgt. Dow that he did not feel comfortable with Robinson continuing to be allowed to enter the B wing. The next evening, Robinson entered B Wing and started to attack Plaintiff with a shank. Plaintiff was able take the shank off of Robinson and stab Robinson with it before Sgt. Dow and corrections officers broke up the fight. Defendant denies that Plaintiff informed him of the threat from Robinson.

Plaintiff brought this action under 42 U.S.C. § 1983, alleging a number of claims. Following a partial motion to dismiss, one claim remains in this case. Specifically, whether Defendant Sgt. William Dow violated Plaintiff's Eighth Amendment rights by failing to protect him from attack by Robinson. On February 17, 2016, this Court adopted a Report and Recommendation from Magistrate Judge Cynthia Reed Eddy recommending that Defendant's summary judgment motion be denied. (ECF No. 120.) Trial is scheduled to begin on November 14, 2016.

**III. Discussion**

    **a. Punitive Damages**

Defendant requests the Court exclude Plaintiff's claim for punitive damages. (ECF Nos. 142 & 143.) Defendant argues that punitive damages are not available for this type of case and that there is no support in the record that Defendant possessed the requisite

motive. (ECF No. 143.) Plaintiff argues that punitive damages are available in this type of case and that a jury could find the facts alleged to establish the requisite intent. (ECF No. 153.) Thus Plaintiff argues Defendant's motion is premature and Plaintiff should be permitted to put on his case at trial before the Court considers excluding punitive damages.

Punitive damages may be awarded in § 1983 cases where the defendant's conduct is shown to be motivated by evil intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Allah v. Al-Hafeez*, 226 F.3d 247, 251-52 (3d Cir. 2000); *see also* Third Circuit Model Civil Jury Instructions § 4.8.3 (2016). This standard applies to deliberate indifference cases and "deliberate indifference to a substantial risk of harm to a person is the equivalent of recklessly disregarding that risk." *Douglas v. Jin*, CIV No. 11-0350, 2014 WL 1117934 at *3 (W.D. Pa. Mar. 20, 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)).

In this case, the allegations, which survived summary judgment, are that Defendant knew of a threat by Robinson to Plaintiff and yet Robinson was permitted to enter Plaintiff's wing of the prison and immediately began attacking him with weapons. The Court finds it is possible Plaintiff could make the requisite showing for punitive damages of reckless or callous indifference to the federally protected rights of others. Therefore, the Court will deny Defendant's Motion. Defendant may, of course, raise the issue in a Rule 50 motion after the conclusion of Plaintiff's case at trial.

### b. Hearsay, Speculation and Irrelevant Evidence

Defendants request the Court exclude evidence of other lawsuits against Defendant, information that Plaintiff was told or that he overheard as inadmissible hearsay, and testimony and evidence referencing or supporting the other allegations in Plaintiff's complaint which have been abandoned or dismissed. (ECF No. 145.)

Defendant argues that evidence relating to other lawsuits filed against him are irrelevant and barred by rules 402 and 404(b). Rule 404(b) prohibits the use of evidence of other crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). Plaintiff does not dispute this point, but argues that Defendant's request for blanket exclusion is overbroad because the Rules of Evidence provide for other ways the information can be used such as impeachment or other non-propensity purposes. (ECF No. 151 at 3.) Plaintiff does not say specifically that he intends to use information relating to other lawsuits for any of these other purposes. Rather he only states that a blanket exclusion would be overly broad. The Court will exclude evidence of other lawsuits against Defendant for the purpose of showing propensity. If Plaintiff would like to use the evidence for other purposes, Plaintiff may raise the issue at the appropriate time during trial and request that evidence of other lawsuits be admitted pursuant to Federal Rule of Evidence 404(b)(2).

Defendants also request the Court exclude testimony or evidence about other allegations in Plaintiff's Complaint that have been abandoned or dismissed on the grounds that such evidence would be irrelevant and prejudicial. (ECF No. 145 at 3.)

Plaintiff responds that such a request is overly broad. (ECF No. 151 at 3.) The Court concurs with Plaintiff. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. While evidence relating exclusively to claims that have been dismissed is not relevant, other evidence may touch on the dismissed claims as well as the Eighth Amendment claim to be decided at trial. Accordingly, the Court declines to categorically exclude such evidence at this time. Defendants may, however, raise objections to this evidence as appropriate during trial.

With respect to hearsay, Defendant does not present specific examples of hearsay Plaintiff may seek to introduce. Although hearsay is generally inadmissible, there are a number of exceptions. FED. R. EVID. 801, 802, 803. Given that specific statements are not identified and the possibility that certain types of hearsay may meet one of the exceptions, the Court cannot grant this portion of the Motion at this time. The parties may raise more specific hearsay objections as appropriate at trial.

### c. Policies, Codes, and Procedures

Next, Defendant asks the Court to exclude evidence relating to the Department of Corrections "Employee Code of Ethics Handbook" and the "E-Unit Housing Rules." (ECF No. 147.) Defendant argues that the information is irrelevant and prejudicial because the issue for trial is what Defendant knew, not what he should have known and because violation of internal policy does not equate to an Eighth Amendment violation under the case law. (*Id*.) Plaintiff argues that the evidence is relevant to whether

Defendant acted with deliberate indifference and failed to protect him from Robinson. (ECF No. 150.)

Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. A court may, however, exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. Here, such housing rules are unquestionably relevant to the case. While a major issue is whether or not Defendant was aware of the threat to Plaintiff, if the jury determines that he was aware, the question remains whether or not he acted with deliberate indifference. Determination of this question may very well be informed by the nature of how and when prisoners are typically allowed to enter other sections of the prison. When faced with a similar situation, another Judge in this District came to the same conclusion:

> To be sure, "the policies of the Department of Corrections and the Eighth Amendment are not the same[.]" *Delker v. Blaker*, No. CIV.A. 09-710, 2012 WL 726415, at *6 (W.D. Pa. Mar. 1, 2012). But Plaintiff is not attempting to supplant the requirements of the Eighth Amendment with the requirements of the DOC's policies or to show that the violation of the latter equates to a violation of the former. Rather, he is attempting to use the existence of the policies to discredit Defendant's explanation of the allegedly inadvertent coincidences that led to Overby gaining access to Plaintiff's cell. The evidence is certainly relevant for that purpose. Simply put, a jury could infer from the existence of the policies and Defendant's alleged violation of them, together with the alleged mishap that led to the opening of Plaintiff's cell door, that there was an unusual or extraordinary deviation from the usual operating procedure, which placed an absolute premium on safety and security, suggestive of Defendant's involvement in Plaintiff's assault – in other words, that this was no accident.

*Rega v. Armstrong*, No. CV 08-156, 2016 WL 3406048, at *1 (W.D. Pa. June 21, 2016). Likewise, the Court is not convinced the risk of unfair prejudice outweighs the significant probative value. *See id.* at *2. Defendant's Motion will be denied.

### d. Evidence of Medical Conditions

Lastly, Defendant seeks exclusion of evidence of "HIV or other medical conditions" relating to Robinson or "any other individual" on the grounds that it is irrelevant and unfairly prejudicial. (ECF No. 148.) Plaintiff responds that medical information for Robinson is central to the calculation of damages and Defendant's request to exclude the medical conditions of "any other individual" is unclear and overly broad. (ECF No. 152.)

The only specific medical information discussed in Defendant's Motion is that Robinson is infected with HIV. Plaintiff argues that he "expressly claims damages relating to both the anxiety he suffers from fearing of infection with HIV and the fact that Mr. Rosa-Diaz was ordered to pay Robinson's medical bills exceeding $30,000." (ECF No. 152 at 3.) Given the central relevance of this evidence to the issue of damages, the evidence will be admissible at trial. The Court does not find that the significant probative value is outweighed by a danger of unfair prejudice to Defendant.

To the extent Defendant's Motion also seeks to exclude unspecified medical information relating to other unnamed individuals, the Court will deny the Motion at this time. Should Plaintiff at trial attempt to introduce irrelevant medical evidence of other individuals, Defendant is free to object at that time.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Defendant's Motion *in Limine* to Preclude Punitive Damages (ECF No. 142), grant in part and deny in part Defendant's Motion *in Limine* to Preclude Hearsay, Speculation and Irrelevant Evidence (ECF No. 144), deny Defendant's Motion *in Limine* to Preclude Policies, Codes and Procedures (ECF No. 146), and deny Defendant's Motion *in Limine* to Preclude Evidence of Medical Conditions (ECF No. 148).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GABRIEL ROSA-DIAZ, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-5 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| SGT. DOW, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 10th day of November, 2016, upon consideration of Defendant's Motions *in Limine* (ECF Nos. 142, 144, 146, 148), and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion *in Limine* to Preclude Punitive Damages (ECF No. 142) is **DENIED** without prejudice.

2. Defendant's Motion *in Limine* to Preclude Hearsay, Speculation and Irrelevant Evidence (ECF No. 144) is **GRANTED** to the extent it seeks to exclude admission for the purpose of showing character and propensity of evidence relating to other lawsuits filed against Defendant, and **DENIED** without prejudice in all other respects.

3. Defendant's Motion *in Limine* to Preclude Policies, Codes and Procedures (ECF No. 146) is **DENIED**.

4. Defendant's Motion *in Limine* to Preclude Evidence of Medical Conditions (ECF

   No. 148) is **DENIED**.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**